**STATE STREET BANK AND TRUST COMPANY, Plaintiff-third-party-defendant—Appellee,**

**Bongo II, Inc., Defendant-third-party-plaintiff—Appellant,**

v.

**LAND TITLE CO. OF ALASKA INC., Third-party-defendant—Appellee.**

No. 04–35303.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2005.

Decided Aug. 11, 2005.

Patrick B. Gilmore, Esq., Atkinson, Conway & Gagonon, Anchorage, AK, for Plaintiff–third–party–defendant—Appellee.

Joseph N. Demko, Esq., Jeffer Mangels Buttler & Marmaro, San Francisco, CA, Phillip Paul Weidner, Esq., Wayne D. Hawn, Esq., Weidner & Associates, Inc., Anchorage, AK, for Defendant–third–party–plaintiff—Appellant.

Todd J. Timmermans, Esq., Hartig Rhodes Hoge & Lekisch, PC, Anchorage, AK, for Third–party–defendant—Appellee.

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Bongo II, Inc. ("Bongo II") seeks to set aside a foreclosure sale in order to recover

---

* This disposition is not appropriate for publica-      tion and may not be cited to or by the courts

its interest in the Northern Lights Inn in Anchorage, Alaska.

Bongo II used the hotel as security for a $5 million loan it obtained from commercial mortgage lender GMAC in November, 1997. In May, 2002, six months after Bongo II stopped making payments on the loan, GMAC declared Bongo II in default. Bongo II immediately declared bankruptcy. GMAC obtained relief from the automatic stay with respect to its interest in the hotel, and filed the present action seeking appointment of a receiver. GMAC ultimately forced the sale of the Northern Lights Inn through a non-judicial foreclosure, and obtained title to the property at the sale with a $4.1 million credit offset bid.

On GMAC's motion for summary judgment, the district court found that the sale was valid and lawful. We review the district court's grant of summary judgment de novo, *see Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), and affirm.

The Alaska Supreme Court has noted that with respect to a non-judicial foreclosure, "[n]o Alaska statutes or cases specify a procedure by which the trustee must conduct a foreclosure sale. Alaska Statute 34.20.080 only requires that the procedure comply with the terms and conditions of the deed of trust." *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.,* 116 P.3d 592, 596 (2005). In addition, the court reaffirmed its continued "reluctance to set aside foreclosure sales except in the most unusual circumstances. Even when the sale fails to comply with the statutory provisions, we will set it aside only in cases that reach 'unjust extremes.'" *Id.,* at 596.

■ Bongo II makes three main arguments in support of its request to have the foreclosure sale set aside. First, it contends that Land Title Co. of Alaska, the trustee on the deed of trust securing the GMAC loan, failed to fulfill its common law fiduciary duty to Bongo II, as evidenced mainly by its refusal to continue the foreclosure sale at Bongo II's request. We reject this argument because Bongo II offered no reasonable basis to delay the foreclosure. Its unsubstantiated promises to pay off the loan at a future date did not obligate the trustee to continue the sale.

■ Bongo II next argues that the sale should be set aside because it did not comply with statutory procedures required for non-judicial foreclosure. In particular, Bongo II objects that the sale was conducted by the attorney for GMAC rather than an independent attorney. However, as noted above, a foreclosure sale will not be set aside in the absence of extreme injustice, not present here. GMAC purchased the property with a credit offset bid, as permitted by statute and by the trust documents. As the sole bidder at the foreclosure sale, it received no preference from the attorney conducting the sale.

■ Finally, Bongo II suggests the sale should be set aside due to what it contends was unreasonable conduct by GMAC in relation to the foreclosure, namely GMAC's refusal to further continue the foreclosure sale, its alleged refusal to provide concrete cure requirements prior to the sale, and its alleged efforts to obstruct Bongo II's attempts to cure. We reject this argument as well, as there is no evidence that GMAC's conduct here was unreasonable under the circumstances, or that GMAC exceeded its rights under contract or state law.

AFFIRMED.